IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:21-CR-743-FYP |
| THOMAS PAUL CONOVER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO APPLICATION FOR
ACCESS TO VIDEO EXHIBITS**

Defendant Thomas Paul Conover, by and through counsel, respectfully responds with his position regarding the application by the Press Coalition ("the Petitioners") to access video exhibits submitted to the Court. *See* ECF No. 35.

On May 18, 2022, the Petitioners filed an Application for Access to Video Exhibits. *Id*. Specifically, the Petitioners sought access to clips from videos ("video clips") submitted by the Government on April 20, 2022. *See* ECF No.27.

Mr. Conover respectfully objects to the Petitioner's Application for Access to the video clips. This Circuit has consistently employed the six-factor "*Hubbard* test" when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. United States*, 964 F.3d

1

1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017).

The *Hubbard* factors weigh in favor of non-disclosure. It is counsel's understanding that some of the video clips in question consist of surveillance footage from security cameras inside the Capitol that have not previously been released to the public. The video clips contain scores of other individuals, including dozens of law enforcement officers. Mr. Conover accepted responsibility for his actions, and the public record in this case is replete with detailed descriptions from both parties describing the contents of the video clips as it relates to Mr. Conover, negating the value of the actual video clips to the public. The publication of the video clips only serve to harm Mr. Conover's interests as a private citizen who has already taken responsibility and been held accountable for his conduct. Mr. Conover is facing a pending thirty-day sentence at the re-entry center, and further publication of media, video, and images related to his case could deleteriously impact his well-being.

Therefore, Mr. Conover respectfully objects to the public disclosure of the video clips.

                                                  Respectfully submitted,

                                                  ____/s/_____
Camille Wagner
D.C. Bar No. 1659390
Wagner PLLC
1629 K St. NW
Suite 300
Washington, DC 20006
(202)630-8812
law@myattorneywagner.com
*Counsel for Mr. Conover*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June 2022, a true copy of the foregoing Defendant's Response was served via the CM/ECF system.

/s/
Camille Wagner