**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.                                                    Case No: 21-cr-743-FYP

THOMAS PAUL CONOVER,

        Defendant.

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE PRESS COALITION'S**
**APPLICATION FOR ACCESS TO VIDEO EXHIBITS**

The Press Coalition respectfully submits this reply memorandum in further support of its Application (Dkt. 35) for access to three video recordings that the Government submitted to the Court in this matter (the "Video Exhibits"). The Government "has no objection to the public release" of these Video Exhibits. *See* Notice of Filing Pursuant to LCrR 49 at 1, Dkt. 36. Defendant, however, objects on grounds that the Video Exhibits "contain scores of other individuals, including dozens of law enforcement officers," and that he "is facing a pending thirty-day sentence at the re-entry center, and further publication of media, video, and images related to his case could deleteriously impact his well-being." Def.'s Resp. to Application for Access to Video Exhibits ("Resp."), Dkt. 37.

Defendant concedes, as he must, that the common-law presumption of access attaches to the Video Exhibits and that the Press Coalition's Application should be granted unless he can overcome that presumption. Resp. at 1. Defendant fails to carry this heavy burden. The same conclusory argument that Defendant offers here – that he or others may be prejudiced by release of the Video Exhibits – has already been rejected <u>six times</u> when presented by other Capitol riot defendants. *See United States v. Rukstales* ("*Rukstales*")*, 21-cr-41-CJN-5, Dkt. 150 (D.D.C. Nov. 24, 2021); *United States v. Lazar*, 21-cr-525-ABJ, Dkt. 41 (D.D.C. Oct. 22, 2021); *United*

*States v. Munchel*, 2021 U.S. Dist. LEXIS 194604 (D.D.C. Oct. 8, 2021); *United States v. James*, 21-cr-28-APM, Dkt. 360 (D.D.C. Aug. 23, 2021); *In re Application for Access to Certain Video Exhibits* ("*In re Klein*"), 2021 U.S. Dist. LEXIS 122124 (D.D.C. June 30, 2021); *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841, at *13-14 (D.D.C. Mar. 17, 2021).  Indeed, that argument is even weaker in this case: Defendant has pleaded guilty and been sentenced, so there is <u>no</u> possibility of prejudice to Defendant at trial.  *See* Statement of Offense at 3, Dkt. 19.

Defendant's purported concern for the privacy of other rioters and law enforcement officers is equally unpersuasive, for "even to the extent they are identifiable—none has a clear property or privacy interest at stake." *Rukstales* at 2.  Moreover, the Government does not object to the release of the Video Exhibits.  *See* Notice of Filing Pursuant to LCrR 49, Dkt. 36.

Defendant also asserts that release of the Video Exhibits "could deleteriously impact his well-being," *see* Resp. at 2, but such an unsupported and vague assertion of harm cannot possibly overcome the strong presumption of public access to court records.  *See, e.g.*, *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009) (rejecting defendants' request that court records be released in redacted form because "[a]lthough Defendants might be embarrassed by the public disclosure of formerly confidential communications, they have not identified any legal prejudice they would suffer if the redactions are not made"); *Rukstales* at 2-3 (rejecting the same argument, for "[w]hile public dissemination of the videos may cause Rukstales additional public embarrassment, that is not the legal prejudice with which the *Hubbard* test is concerned.").

Defendant also acknowledges that "the public record in this case is replete with detailed descriptions from both parties describing the contents of the video clips," *see* Resp. at 2, which further weighs in favor of access to the Video Exhibits.  *See Washington Post v. Robinson*, 935

F.2d 282, 292 (D.C. Cir. 1991) (rejecting request that judicial record remain under seal as disclosure "could hardly have posed any <u>additional</u> threat" to a criminal investigation given the substantial amount of already-public information) (emphasis added).[1]  Indeed, in ordering the release of surveillance video over the Government's objection in another Capitol riot case, Chief Judge Beryl A. Howell concluded that the need for public access to videos described in a Government filing "is very strong, as evidenced by the extraordinary public interest surrounding the events that took place at the U.S. Capitol on January 6."  *United States v. Torrens*, 2021 U.S. Dist. LEXIS 174997, *17 (D.D.C. Sept. 15, 2021).  As the Chief Judge explained, "[t]he public has an interest in understanding the conduct underlying the charges in these cases, as well as the government's prosecutorial decision-making both in bringing criminal charges and resolving these charges by entering into plea agreements with defendants."  *Id.*; *see also Lazar*, 21-cr-525-ABJ, Dkt. 41 at 5 (where videos have been described but not yet released, "viewing the videos is necessary to the evaluation of the veracity and strength of the government's public filings," and the need for access weighs "heavily" in favor of disclosure).

For the foregoing reasons and those stated in the Application, the Press Coalition respectfully requests that the Court enter an order (1) directing the Government to provide the Press Coalition with copies of the Video Exhibits and (2) permitting the Press Coalition to republish those Video Exhibits without restriction.

---

[1] Defendant cannot dispute that he and other rioters engaged in criminal conduct in public, and videos of the riot are already in heavy circulation.  *E.g.*, Stephanie McNeal, *Here Are Some Of The Most Horrifying And Stunning Videos From The Assault On The Capitol*, BuzzFeed (Jan, 6, 2021), https://www.buzzfeednews.com/article/stephaniemcneal/videos-of-capitol-riot (compiling 20 videos of riots shared on social media, half from inside the Capitol); Lena V. Groeger et al., *See What Parler Saw During the Attack on the Capitol*, ProPublica (Jan, 17, 2021) https://projects.propublica.org/parler-capitol-videos/ (compiling "more than 500 videos" taken during the January 6 riots and shared on the social media service Parler).

Dated:  June 10, 2022                Respectfully submitted,

                                     BALLARD SPAHR LLP

                                     /s/ *Charles D. Tobin*
                                     Charles D. Tobin (#455593)
                                     Maxwell S. Mishkin (#1031356)
                                     Lauren Russell (#1697195)
                                     1909 K Street, NW, 12th Floor
                                     Washington, DC 20006
                                     Tel: (202) 661-2200 | Fax: (202) 661-2299
                                     tobinc@ballardspahr.com
                                     mishkinm@ballardspahr.com
                                     russelll@ballarspahr.com

                                     *Counsel for the Press Coalition*