**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

**v.**

**THOMAS PAUL CONOVER,**

*Defendant.*

**Criminal Case No. 21-cr-743**
**Judge Florence Y. Pan**

**ORDER**

On January 7, 2022, Defendant Thomas Paul Conover pled guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building, in connection with the breach of the U.S. Capitol on January 6, 2021. *See* ECF No. 19 (Statement of Offense) at 5–6; ECF No. 18 (Plea Agreement) at 1. After Conover was sentenced on April 22, 2022, the case was closed. On May 18, 2022, pursuant to Standing Order 21-28,[1] a group of sixteen media organizations (the "Press Coalition") applied for access to the seven video exhibits that were submitted by the government in support of its sentencing recommendation in Conover's case. *See* ECF No. 35. The government has no objection to the release of the exhibits, *see* ECF No. 36; but Conover opposes the Press Coalition's request, *see* ECF No. 37. Conover argues that "publication of the video clips only serve[s] to harm [his] interests as a private citizen who has already taken responsibility and been held accountable for his conduct," especially in light of his pending

[1] On May 14, 2021, Chief Judge Beryl A. Howell issued Standing Order 21-28, recognizing "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases'), for which the parties are routinely submitting video exhibits to the Court." *See* Standing Order at 2. As a result, Chief Judge Howell established a procedure for "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases" to apply for access to those exhibits. *Id.* at 5.

thirty-day sentence at a re-entry center. *Id.* at 2.

The D.C. Circuit has explained that "there is a 'strong presumption in favor of public access to judicial proceedings,' including judicial records." *In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). Documents and other materials filed in a case and "intended to influence the court" are judicial records. *Id.* at 1128. The six-factor "*Hubbard* test has consistently served as [the D.C. Circuit's] lodestar" when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. *Id.* at 1127 (citation omitted). The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.* at 1131 (quoting *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d. 661, 665 (D.C. Cir. 2017)). At its core, the right of public access to judicial documents serves to promote "the transparency of the court's decisionmaking process." *Id.* at 1128 (quoting *Metlife*, 865 F.3d at 668).

The government relied on the videos at Conover's sentencing hearing, and the video evidence unquestionably "affect[ed the] court's decisionmaking process," *Metlife*, 865 F.3d. at 667. Thus, the videos are "judicial records" subject to the "strong presumption in favor of public access." *In re Leopold*, 964 F.3d at 1127 (citation omitted). Conover's efforts to overcome this presumption are unavailing. Conover argues, for example, that the release of the videos

themselves is unnecessary because the public record is "replete with detailed descriptions" of the contents of the video clips, which "negat[es] the value of the actual video clips to the public." *See* Def. Opp. at 2. Contrary to Conover's position, however, when "much of the critical information is already in the public forum," the first two *Hubbard* factors actually "weigh[] in favor of greater disclosure." *United States v. Munchel*, No. 21-cr-118, 2021 WL 4709745, at *4–5 (D.D.C. Oct. 8, 2021) (quoting *In re Application of New York Times Co. for Access to Certain Sealed Ct. Recs.*, 585 F. Supp. 2d 83, 93 (D.D.C. 2008)).

A brief examination of the remaining four *Hubbard* factors only strengthens the case for disclosure. Where, as here, one of the parties to the proceedings objects to disclosure, courts in this district have concluded that the third factor weighs in favor of disclosure because this factor is primarily intended to protect the interests of third parties. *United States v. Jackson*, No. 21-mj-115, 2021 WL 1026127, at *7 (D.D.C. Mar. 17, 2021) (explaining that the third *Hubbard* factor protects "a third party's property and privacy rights" where "the need for minimizing intrusion is especially great" (citation omitted)); *In re Application for Access to Certain Sealed Video Exhibits*, 546 F. Supp. 3d 1, 7 (D.D.C. 2021). Moreover, the D.C. Circuit has recognized that when the government is a party to the case and supports public access to the judicial record, this further supports the case for access. *See EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). Although Conover relies principally on his privacy interests, those interests are reduced by the concededly "detailed descriptions" of the videos that are already in the public record, as well as the public nature of the actions that are depicted in the videos. Finally, the purpose for which the video exhibits were introduced weighs firmly in favor of release, as the videos were relied upon at Conover's publicly accessible sentencing hearing. *See*

*Jackson*, 2021 WL 1026127, at *8 (recognizing that a "strong presumption of public access [applies] to documents that a litigant submits with the intention that the court will rely on them" (citation omitted)).

Accordingly, it is hereby

**ORDERED** that the Press Coalition's Application for Access to Video Exhibits is **GRANTED**. The government is directed to promptly make the video exhibits identified in the [27] Notice of Filing of Video Exhibits in Support of Gov't Sentencing Memorandum, publicly available without restrictions, using the "drop box" technical solution described in Standing Order 21-28.

**SO ORDERED.**

Florence Y. Pan

FLORENCE Y. PAN
United States District Judge

Date: June 21, 2022